UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JORGE G. BENITEZ : | |
| : | PRISONER |
| v. : | Case No. 3:05cv633(JCH)(HBF) |
| : | |
| WARDEN CHOINSKI, et al. : | |

RULING AND ORDER

This ruling considers five motions filed by plaintiff.

I. Motion for Order Permitting Plaintiff Access to Other Inmates [doc. #22]

Plaintiff asks the court to order that he be provided access to possible inmate witnesses. Plaintiff states that because the court determined, in denying his second motion for appointment of counsel, that it could not yet assess the merit of his claims, Inmates' Legal Assistance Program will not assist him in obtaining statements from other inmates. Plaintiff has not provided any letter from an attorney at Inmates' Legal Assistance Program declining assistance.

Plaintiff states that he needs to contact other inmates to oppose defendants' motion for summary judgment. As no motion for summary judgment has been filed, the motion is denied without prejudice as premature. If defendants file a motion for summary judgment, plaintiff should seek assistance from Inmates' Legal Assistance Program.

II. <u>Motion to Delay Consideration of Motion to Dismiss or Motion for Summary Judgment Until Discovery Has Concluded [doc. #23]</u>

Plaintiff asks the court to delay consideration of defendants' motion to dismiss or motion for summary judgment until the conclusion of discovery.

Defendants have filed an answer.  Thus, the time for filing a motion to dismiss has passed.  Plaintiff's motion is denied as to any motion to dismiss.  In addition, defendants have not filed a motion for summary judgment.  Thus, plaintiff's request is denied as premature with regard to a possible motion for summary judgment.  If defendants file a motion for summary judgment before the discovery period has concluded, plaintiff assert his objection in opposition to the motion for summary judgment pursuant to Rule 56(f), Fed. R. Civ. P.

III. <u>Motion for Appointment of Counsel [doc. #26]</u>

Plaintiff has filed a third motion for appointment of counsel.  On September 16, 2005, the court denied plaintiff's second motion for appointment of counsel because the court was unable to determine whether plaintiff's claims possessed likely merit.  Since that date, defendants have filed their answer.  The answer, however, merely denies plaintiff's allegations.  Defendants' answer does not provide sufficient information for the court to determine whether plaintiff's claims possess likely merit.  Thus, plaintiff's motion is denied without prejudice for the reasons stated in the previous ruling.  <u>See</u> Doc. #15.

IV.  Motion for Examination by Outside Doctor [doc. #27]

Plaintiff moves, pursuant to Rule 35, Fed. R. Civ. P., for an order that he be examined by an outside physician.

Rule 35(a) provides, in pertinent part:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The decision to grant or deny a Rule 35(a) examination is committed to the discretion of the district court.  O'Quinn v. New York University Medical Center, 163 F.R.D. 226, 228 (S.D.N.Y. 1995); Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y. 1993).  The moving party, however, must bear the cost of the examination. Eckmyre v. Lambert, No. Civ. A. 87-222-O, 1988 WL 573858, at *1 (D. Kan. Sept. 8, 1988) (noting that the moving party bears the cost of the examination and the party being examined bears all other costs).

Plaintiff does not indicate that he has sufficient funds to pay for the examination.  Although the plaintiff has been granted permission to file his action in forma pauperis, 28 U.S.C. § 1915 does not authorize payment of discovery expenses by the court. See Kruitbosch v. Van De Veire, No. 91-4200, 1992 WL 313121, at

\*1 (10th Cir. Oct. 23, 1992) (upholding district court's determination that it had no authority to order free independent mental examination of plaintiff in case filed pursuant to 28 U.S.C. § 1915); Beard v. Stephens, 372 F.2d 685 (5th Cir. 1967) (in forma pauperis status does not encompass affirmative assistance in conducting civil case); Clark v. Hendrix, 397 F. Supp. 966, 975 (N.D. Ga. 1975) (denying motion for court to order and finance transporting and housing prisoner-plaintiff and prisoner-witness for purpose of appearing at hearing in civil suit for damages); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this Court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

Courts have also rejected requests that the court order the defendants to finance discovery costs for indigent litigants in civil cases.  Compelling the defendants to advance discovery costs on behalf of the plaintiff "would in effect force defendants to finance much of their indigent adversary's trial preparation, regardless of the outcome of the case" and "distort[] the objective of [section 1915]."  Doe v. United States, 112 F.R.D. 183-85 (S.D.N.Y. 1986).  See Toliver v. Community Action Comm'n to Help the Economy, Inc., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) ("no clear statutory authority for prepayment of discovery costs" by the government for indigent pro

se plaintiff in Title VII case), aff'd, 800 F.2d 1128 (2d Cir.), cert. denied, 479 U.S. 863 (1986).

Because plaintiff has not demonstrated that he can pay for an independent medical examination, his motion is denied. Plaintiff may refile his motion should he obtain sufficient funds.

V.   Motion for Entry of Default [doc. #28]

Plaintiff asks the court to enter the default of defendant Choinski for failure to plead. Defendants filed their answer on December 16, 2005. Accordingly, plaintiff's motion is denied as moot.

VI.  Conclusion

Plaintiff's motion for order permitting plaintiff access to other inmates [**doc. #22**] is **DENIED** without prejudice. His motion asking the court to delay consideration of any motion to dismiss or motion for summary judgment until discovery has concluded [**doc. #23**] is **DENIED** as premature. Plaintiff's motion for appointment of counsel [**doc. #26**] is **DENIED** without prejudice for the reasons stated in the court's previous ruling. Plaintiff's motion for examination by outside doctor [**doc. #27**] is **DENIED** and his motion for entry of default [**doc. #28**] is **DENIED.**

**SO ORDERED** this 31st day of January, 2006, at Bridgeport, Connecticut.

                                                /s/
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE